**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
CASE NO.: ____________

NORMA O. GAZONNI,

Plaintiff,

v.

LULULEMON USA INC,
a foreign FOR PROFIT CORPORATION,

Defendant.
_______________________________________/

**COMPLAINT FOR PERMANENT INJUCTIVE RELIEF**

Plaintiff, NORMA O. GAZONNI, by and through undersigned counsel, sues Defendant, LULULEMON USA INC., and alleges as follows:

1. This is an action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses for unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"), as amended, and its implementing regulations, 28 C.F.R. Part 36. for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations.
2. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.
3. Venue is proper in this Court as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida.

4. Plaintiff is a visually-impaired and legally blind person (disabled). Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

5. Plaintiff seeks relief because Defendant's **point-of-sale** (POS) credit and debit card payment terminals are not accessible to blind and visually impaired customers. Defendant's payment terminals rely on visual touchscreen prompts and do not provide audio discernible controls, audio output, screen-reader functionality, Braille guides, headphone capability, or any other effective nonvisual method by which blind customers can independently, privately, and securely complete the debit payment transactions.

6. As a result, Plaintiff cannot independently and privately enter a PIN, select debit or credit options, confirm the transaction amount, request or decline cash back, approve charges, complete the payment process without relying on a store employee, companion, or third party.

7. Defendant's inaccessible payment terminals force Plaintiff to disclose confidential financial information and deprive her of the same private, secure, and independent payment experience provided to sighted customers.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the ADA, 42 U.S.C. §§ 12181–12189.

9. This Court also has jurisdiction to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 12188.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the acts of discrimination complained of occurred in Broward County, Florida, within this

District, including at Defendant's LULULEMON USA INC store located at Sawgrass Mills, Sunrise, Florida.

**PARTIES**

11. Plaintiff NORMA O. GAZONNI is a resident of Florida, is sui juris, and is visually impaired and legally blind. Plaintiff is substantially limited in the major life activity of seeing and is a person with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

12. Because of her visual impairment, Plaintiff relies on nonvisual methods of communication and access, including audio controls, accessible electronic information technology, audio output, screen-reader technology, properly labeled controls, and other auxiliary aids and services that make visually delivered information available to blind persons.

13. Plaintiff has been a customer of Defendant's retail stores, including the Lululemon outlet location at Sawgrass Mills, Sunrise, Florida, which she visited on August 15, 2026, with the intent to purchase leggings and tops. Plaintiff likes to purchase at the outlets at Sawgrass, it is close to Plaintiff's home and accessible to her with the assistance of a family member, friend, or ride assistance service for persons with disability. Plaintiff has frequented the area more than ten times in the past months and intends to return in the next thirty days to Defendant's stores to purchase items such as yoga pants and tops.

14. Defendant LULULEMON USA INC owns, leases, operates, and/or controls Lululemon's retail stores open to the public, including the store located at Sawgrass Mills, Sunrise, Florida.

15. Defendant's stores are places of public accommodation within the meaning of Title III of the ADA because they are sales or rental establishments under 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104.

16. Defendant is subject to the requirements of Title III of the ADA, including the obligation to provide full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations to persons with disabilities, including auxiliary aids and services.

**FACTUAL ALLEGATIONS**

17. Defendant offers goods and services to the public through its Lululemon's retail and outlet stores, including the store located at 1800 Sawgrass Circle, Sunrise, Florida 33323 and Brickel City Centre.

18. Defendant provides customers with credit and debit card payment terminals to complete purchases at its retail stores.

19. Defendant's POS payment terminals present important transaction information visually on a screen or visual display, including prompts requiring customers to choose payment type, confirm amounts and taxes, and when to enter debit-card PIN, approve or cancel transactions, request or decline cash back or donations, and respond to other transaction prompts.

20. These payment prompts are necessary to complete the transaction.

21. Sighted customers can read the prompts, verify the information, and complete the payment process independently and privately.

22. Blind customers, including Plaintiff, cannot independently access the visual information displayed on Defendant's payment terminals because the terminals lack an effective nonvisual method of communication.

23. Defendant's payment terminals do not provide meaningful audio output, screen-reader functionality, Braille instructions, accessible keypad navigation for all prompts, headphone

jack functionality, or any equivalent auxiliary aid or service that would permit blind customers to privately and independently complete payment.

24. On August 15, 2026, Plaintiff visited Defendant's Lululemon's outlet store located at Sawgrass Mills, Sunrise, Florida, for the purpose of purchasing leggings and tops.

25. During her visit, Plaintiff attempted to complete her purchase using Defendant's point-of-sale ("POS") payment terminal and a PIN-authenticated debit transaction. Plaintiff needed to use debit because PIN authentication provides cardholder verification and because social-benefit and reimbursement programs upon which Plaintiff relies require or recognize securely authenticated transactions rather than unauthenticated contactless payments. Defendant's POS terminal lacked a headphone port and was not configured with screen-reader software, Braille instructions, audio guidance, or sufficiently discernible tactile feedback through which Plaintiff could receive the information displayed visually on the terminal's screen.

26. Because Plaintiff is blind, she attempted to locate a port through which she could connect her personal headset and access the terminal's visual prompts audibly. No such port or accessible functionality was available. When Plaintiff asked Defendant's employee whether the terminal offered accessibility features for blind or visually impaired customers, the employee confirmed that it did not. Instead of providing an effective auxiliary aid or service, the employee insisted that Plaintiff either process the transaction as credit or disclose her confidential PIN. Neither alternative permitted Plaintiff to use the debit-payment service with the privacy and independence afforded to sighted customers. Defendant's staff provided no screen-reading assistance or other effective means of communicating the transaction amount, prompts, selections, error messages, or transaction

status. Consequently, Plaintiff could not independently and privately review, authorize, and complete her purchase using her debit card and confidential PIN.

27. Plaintiff elected to pay through a PIN-authenticated debit transaction rather than through a contactless transaction that could be completed without entry of a PIN or another cardholder-verification method. This was not merely a personal preference. PIN authentication provides an additional means of verifying that the person presenting the card is its authorized user and helps protect against unauthorized use. Certain government-benefit programs, require the cardholder to enter a confidential PIN to complete a purchase, even when the card is presented through chip or contactless technology.

28. Defendant's point-of-sale ("POS") device was a Verifone terminal equipped with a visual display and numerical keys that were extremely shallow and not sufficiently tactilely discernible. The terminal communicated the amount due, transaction instructions, prompts, available selections, error messages, and transaction status through its screen without providing accessible audio output or another effective nonvisual alternative. Consequently, the keypad did not enable Plaintiff to determine when the terminal was requesting her PIN, distinguish that request from other prompts, identify or correct an error, verify that her PIN had been accepted, or determine whether the transaction had been approved, declined, cancelled, or otherwise completed. Because the screen-displayed information was necessary to understand and operate the keypad, Plaintiff could not independently and privately complete the PIN-authenticated debit transaction.

29. Plaintiff expected the POS device to provide audio instructions or other accessible features that would communicate the visual information displayed on the screen. However, the POS

device did not provide audio instructions and was not equipped with screen-reader software, audio output for headset, neither screen-reader to make the transaction accessible.

30. Defendant provides a point-of-sale ("POS") payment terminal containing a physical numeric keypad whose keys are extremely shallow and insufficiently raised or separated from the surrounding surface and from adjacent keys. As a result, Plaintiff, who is blind and must identify the keypad and individual numbers through touch rather than sight, has substantial difficulty distinguishing one key from another and determining the position of the numbers necessary to independently enter her confidential personal identification number ("PIN"). The keypad does not provide Plaintiff with a reliably tactilely discernible means where Plaintiff must repeatedly explore the shallow keypad by touch, risk pressing an incorrect number while attempting to locate the keys, request assistance from another person, disclose or expose confidential financial information, or abandon the debit transaction altogether. Photograph of POS terminal encountered by Plaintiff.



31. Plaintiff was unable to independently and privately determine the information displayed on the payment terminal, including the transaction amount and payment prompts. Neither and privately enter or confirm her PIN, select debit or credit, approve the transaction, decline or request cash back, decline donations and complete payment without assistance.

32. Accessible POS technology for blind and visually impaired customers is neither novel nor unduly burdensome. Major national retailers, including Walmart and Target, have previously implemented accessible POS solutions that allow blind customers to independently use payment cards and privately enter confidential PIN information. Recently, Target announced accessible self-checkout features including Braille and high-contrast buttons, a headphone jack with adjustable volume, physical navigation buttons, a tactile controller, and audio prompts for every screen and payment prompt.

33. Following an investigation conducted on Plaintiff's behalf, and upon information and belief, a substantial number of POS devices located in Defendant's other physical retail stores are similarly inaccessible to blind and visually impaired customers. These devices do not provide effective non-visual means, such as audio output, screen-reader functionality, or other adequate features, that would allow blind customers to privately and independently complete debit-card transactions, including the entry of confidential PIN information.

34. Because the POS terminal was inaccessible, Plaintiff was forced to rely on a store employee, companion, or third party for assistance with the payment process.

35. This forced Plaintiff to risk disclosure of confidential financial information, including payment-card information, debit-card PIN information, transaction choices, and purchasing information.

36. Plaintiff was denied the same secure, private, and independent payment experience afforded to sighted customers.

37. The Department of Justice has recognized that inaccessible POS devices may violate Title III of the ADA where they prevent blind customers from privately and independently completing debit-card transactions. In *New v. Lucky Brand Dungarees Stores, Inc.*, No. 1:14-cv-20574-UU, filed in the Southern District of Florida, the United States submitted a Statement of Interest supporting a blind plaintiff who alleged that touchscreen POS devices required him to either disclose his confidential PIN to a third party or forego using his debit card. The DOJ rejected the argument that POS devices are exempt from ADA obligations merely because the ADA Standards do not contain specific technical requirements for POS terminals, and further explained that offering alternative payment methods, such as cash or credit, does not provide equal access where sighted customers are permitted to independently and privately use debit-card payment. Accordingly, Defendant's failure to provide accessible POS functionality or an effective auxiliary aid denies Plaintiff the same privacy, independence, and equal access afforded to sighted customers.

38. Defendant's inaccessible POS payment terminals caused Plaintiff embarrassment, frustration, humiliation, loss of independence, and unequal treatment.

39. Defendant failed to provide an appropriate auxiliary aid or service that would allow Plaintiff to access the visually displayed payment information in a manner that protected her privacy and independence.

40. Defendant could provide effective auxiliary aids and services, including accessible POS devices with audio output, headphone functionality, screen-reader functionality, accessible

keypad navigation, Braille guides, properly trained staff assistance that protects privacy, or other effective nonvisual methods of communication.

41. Such auxiliary aids and services are readily available in the marketplace and are necessary to ensure equal access for blind and visually impaired customers.

42. Defendant has failed to reasonably accommodate blind and visually disabled customers who want the ease of access and use of the POS devices to independently and privately make their purchases in Defendant's stores using their debit cards and PIN numbers.

43. Defendant has failed to modify its payment policies, practices, and procedures to ensure that blind customers can complete payment transactions privately and independently.

44. Defendant's failure is ongoing and continues to deter Plaintiff from returning to Defendant's store.

45. Plaintiff intends to return to Defendant's Lululemon store within approximately thirty days to purchase additional clothing.

46. Plaintiff's intent to return is concrete and genuine because she needs additional yoga clothing and because Lululemon has stores near Plaintiff's home and offers the goods and services she seeks.

47. Plaintiff is deterred from returning because she reasonably expects that she will again encounter the same inaccessible POS payment terminals and will again be unable to complete her purchase privately, independently, and securely.

48. Unless Defendant is ordered to provide accessible POS payment terminals and effective auxiliary aids or services, Plaintiff will continue to suffer discrimination and will continue to be denied full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

49. Defendant has actual or constructive knowledge that blind customers cannot independently access payment terminals that rely on visual touchscreen prompts without audio, or screen-reader functionality.

50. Defendant has the ability and obligation to ensure that its payment process is accessible to blind and visually impaired customers.

51. Defendant's failure to provide accessible payment terminals and effective auxiliary aids constitutes discrimination under Title III of the ADA.

52. Plaintiff has no adequate remedy at law. Injunctive relief is necessary to prevent future discrimination.

## COUNT I -VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §§ 12181–12189

53. Plaintiff re-alleges and incorporates paragraphs 1 through 42 as if fully set forth herein.

54. Plaintiff is an individual with a disability within the meaning of the ADA because she is visually impaired and substantially limited in the major life activity of seeing.

55. Defendant owns, leases, operates, and/or controls places of public accommodation within the meaning of Title III of the ADA, including the Lululemon's outlet store located at Sawgrass Mills in Sunrise and retail store Brickel City Centre in Miami. Plaintiff is a customer of both of Defendant's stores.

56. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).

57. Title III further provides that discrimination includes the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and

services, unless the public accommodation can demonstrate that taking such steps would fundamentally alter the nature of the goods or services or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

58. The ADA's implementing regulations require public accommodations to furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. 28 C.F.R. § 36.303.

59. In determining what auxiliary aid or service is appropriate, a public accommodation must consider the method of communication used by the individual, the nature, length, and complexity of the communication involved, and the context in which the communication occurs.

60. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

61. To be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

62. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

63. Defendant's payment process involves private, confidential, and financially sensitive communications, including transaction amounts, card choices, PIN entry, payment approval, and cash-back prompts.

64. Defendant's POS payment terminals communicate this information visually to sighted customers but fail to provide an effective nonvisual method for blind customers.

65. Defendant discriminated against Plaintiff by denying her full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

66. Defendant discriminated against Plaintiff by failing to provide accessible POS payment terminals or appropriate auxiliary aids and services necessary for effective communication.

67. Defendant discriminated against Plaintiff by requiring her to rely on store employees or third parties to complete a payment process that sighted customers can complete privately and independently.

68. Defendant discriminated against Plaintiff by failing to protect the privacy and independence of Plaintiff during the payment process.

69. Defendant discriminated against Plaintiff by failing to make reasonable modifications to its policies, practices, and procedures necessary to afford access to blind customers.

70. Defendant's conduct violates 42 U.S.C. § 12182(a), 42 U.S.C. § 12182(b)(2)(A)(iii), and 28 C.F.R. § 36.303.

71. Defendant's conduct has caused and will continue to cause Plaintiff's injury, including loss of independence, loss of privacy, humiliation, frustration, and denial of equal access.

72. Plaintiff is entitled to declaratory and injunctive relief, attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. §§ 12188 and 12205.

73. Plaintiff NORMA O. GAZONNI respectfully requests that this Court enter judgment in her favor and against Defendant LULULEMON USA INC, and award the following relief:

A. A declaration that Defendant's failure to provide accessible POS payment terminals and effective auxiliary aids and services violates Title III of the ADA;

B. A permanent injunction requiring Defendant to make its POS payment terminals and payment process accessible to blind and visually impaired customers, including Plaintiff;

C. A permanent injunction requiring Defendant to provide effective auxiliary aids and services that allow blind customers to independently and privately enter PINs, select payment options, confirm transaction amounts, approve or cancel transactions, request or decline cash back, and complete payment transactions;

D. A permanent injunction requiring Defendant to implement accessible payment technology, which may include audio output, headphone capability, screen-reader functionality, accessible keypad navigation, Braille or tactile guides, or other effective nonvisual communication methods;

E. A permanent injunction requiring Defendant to adopt and implement policies, practices, and procedures to ensure that blind customers receive effective communication during the payment process in a manner that protects privacy and independence;

F. A permanent injunction requiring Defendant to train its employees on assisting blind and visually impaired customers during payment transactions without requiring disclosure of confidential financial information, including PINs;

G. An order retaining jurisdiction over this matter to ensure Defendant's compliance with the Court's injunctive relief;

H. An award of Plaintiff's reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

I. Such other and further relief as this Court deems just and proper.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff Norma Gazonni hereby demands judgment against Defendant "LULULEMON USA INC" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a declaration that Defendant's POS point-of-sale system is in violation of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant, by a certain date, to make accessible and continually update and maintain the POS of the defendant's physical stores to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 8th day of September, 2026.

Respectfully submitted,

By:

*/s/Lorena Brasil*
Attorney for Plaintiff
Brasil Law Firm P.A.

Lorena Brasil, Esq.
FBN: 1049012
500 E. Broward Blvd. Suite 900
Fort Lauderdale, Florida 33394
Tel: 954-848-2929
contact@bblawfirmfl.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2026 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.

*/s/Lorena Brasil*
Attorney for Plaintiff
Brasil Law Firm P.A.
Lorena Brasil, Esq.